IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMMY LENZY, on behalf of herself and the class of members described below,<br><br>Plaintiff,<br><br>v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | Case No. 11-cv-1459<br><br>Judge William J. Hibbler<br>Magistrate Judge Sidney I. Schenkier |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant LEADING EDGE RECOVERY SOLUTIONS, LLC, by and through its attorneys Hinshaw & Culbertson LLP, for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

1. Plaintiff Tammy Lenzy brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Leading Edge Recovery Solutions, LLC Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**ANSWER:** Defendant admits that Plaintiff Tammy Lenzy brought this action to secure redress from alleged unlawful credit and collection practices allegedly engaged in by Defendant Leading Edge Recovery Solutions, LLC, but states that such claims have been settled and deny they are still part of this action, and denies the remaining allegations in the first sentence of paragraph 1. Defendant admits that Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") but denies that there has been a violation of the TCPA or that Plaintiff has a claim upon which relief can be granted, and denies any remaining allegations in paragraph 1.

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

ANSWER: Defendant admits the TCPA restricts the use of certain equipment to make calls to cellular telephones under certain circumstances and denies the remaining allegations of paragraph 2.

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

ANSWER: Defendant denies that this Court has jurisdiction under 28 U.S.C. § 1367. Defendant admits that *Brill v. Countryside Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) provides that this Court has jurisdiction of the alleged TCPA claim. Defendant disagrees with Court's decision in *Brill*. Defendant admits the remaining allegations of paragraph 3.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant is located within this District.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that Defendant's collection communications were received by Plaintiff within this District and admits the remaining allegations of paragraph 4.

## PARTIES

5. Plaintiff Tammy Lenzy is an individual who resides in the Northern District of Illinois.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Defendant Leading Edge Recovery Solutions, LLC is a limited liability company organized under Illinois law with offices at 5440 North Cumberland Ave., Suite 300, Chicago, IL 60656. Its registered agent and office are James V. Garvey, 222 N. LaSalle Street, Suite 2600, Chicago, IL 60601.

ANSWER: Defendant admits the allegations in paragraph 6.

7. Leading Edge Recovery Solutions, LLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:** Defendant admits that under certain circumstances and in certain instances it is engaged in the business of a collection agency using the mails and telephone to collect consumer debts originally owed to others. Further answering, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that it was engaged in the business of a collection agency using the mails and telephone to collect consumer debts originally owed to others in this case as it lacks knowledge or information sufficient to form a belief about the purpose for which Plaintiff incurred the debt, and denies the remaining allegations of paragraph 7.

## FACTS

8. Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that the alleged debt was incurred for personal, family or household purposes and not for business purposes, and admits Defendant has been attempting to collect from Plaintiff a debt, and denies any remaining allegations of paragraph 8.

9. During October-December 2010, plaintiff received a series of automated telephone messages on the voicemails associated with her cell and landline phones. Each of the messages (they were identical) was as follows:

> **Hello, this is Darryl Rose. Please press 1 at any time during this message to be connected to a representative. Or please return my call at 1-888-306-0549. Again, this is Darryl Rose. If you could, please return my call at 1-888-306-0549.**

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 9 as Plaintiff does not allege the telephone number assigned to her cell telephone. Defendant denies the remaining allegations of paragraph

3

9. Further answering Defendant denies that the TCPA regulates Defendant's calls to landline telephones.

10. The 888-306-0549 number is issued to defendant.

**ANSWER:** Defendant admits the allegations of paragraph 10.

11. Plaintiff received such messages on or about November 22, 2010, November 23, 2010, November 24, 2010, November 26, 2010, November 29, 2010, December 9, 2010, December 11, 2010, December 13, 2010, December 14, 2010, and December 16, 2010, among others.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11.

12. The calls generally follow a pattern, in which plaintiff's landline is called first followed immediately thereafter by her cell telephone.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 as Plaintiff does not allege the telephone number assigned to her cell telephone. Further answering Defendant denies that the TCPA regulates Defendant's calls to landline telephones.

13. On November 24, 2010, plaintiff answered a call on her landline and the caller identified himself as calling from Leading Edge. Plaintiff, while on the landline, received another call from Leading Edge on her cell telephone. Plaintiff then disconnected both calls.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13. Further answering Defendant denies that the TCPA regulates Defendant's calls to landline telephones.

14. Plaintiff did not provide her cell number to either defendant or any creditor other than a mortgage company. Plaintiff did not otherwise consent to automated calls to her cell telephone.

**ANSWER:** Defendant admits that Plaintiff did not provide her cell number to Defendant, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 14.

130087770v1 0921700 07791

15. Plaintiff was harassed and annoyed by defendant's collection activities.

ANSWER: Defendant denies that its collection activities were harassing and annoying. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 15.

## COUNT I — TCPA

16. Plaintiff incorporates paragraphs 1-15.

ANSWER: Defendant realleges and incorporates by reference its answers to paragraphs 1 through 15 inclusive.

17. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-**

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

ANSWER: Defendant admits that paragraph 17 recites certain portions of the TCPA and denies any remaining allegations of paragraph 17.

18. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—**

5

  (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

  (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

  (C) both such actions.

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

  ANSWER: Defendant admits that paragraph 18 recites certain portions of the TCPA and denies any remaining allegations of paragraph 18.

  19. Defendant violated the TCPA by placing automated calls to plaintiff's cell telephone.

  ANSWER: Defendant denies the allegations of paragraph 19.

  20. Plaintiff and each class member is entitled to statutory damages.

  ANSWER: Defendant denies that a class exists or that a class should be certified and denies the remaining allegations in paragraph 20.

  21. Defendant violated the TCPA even if its actions were only negligent.

  ANSWER: Defendant denies the allegations of paragraph 21.

  22. Defendant should be enjoined from committing similar violations in the future.

  ANSWER: Defendant denies the allegations in paragraph 22.

## CLASS ALLEGATIONS

  23. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with cellular numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) (b) who, on or after a date four years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

**ANSWER:** Defendant admits that Plaintiff purports to bring a claim under the TCPA on behalf of a purported class defined in paragraph 23, denies that a class exists or that a class should be certified, and denies the remaining allegations in paragraph 23.

24. The class is so numerous that joinder of all members is impractical.

**ANSWER:** Defendant denies that a class exists or that a class should be certified, and denies the remaining allegations in paragraph 24.

25. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:** Defendant admits that Plaintiff alleges that there are more than 40 members of the putative class, denies that a class exists or that a class should be certified, and denies the remaining allegations in paragraph 25.

26. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b. The manner in which defendant obtained the cell telephone numbers;

    c. Whether defendant thereby violated the TCPA;

**ANSWER:** Defendant denies that a class exists or that a class should be certified, and denies the remaining allegations in paragraph 26 and subparagraphs 26 a, b and c.

27. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:** Defendant admits Plaintiff's listed counsel in this case is experienced in handling class actions and claims involving unlawful business practices, denies that a class exists or that a class should be certified and denies the remaining allegations in paragraph 27.

130087770v1 0921700 07791

28. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:** Defendant denies that a class exists or that a class should be certified, and denies the remaining allegations in paragraph 28.

29. Several courts have certified class actions under the TCPA. *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Ctr.,* 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Gortho, Ltd., v. Websolv,* 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.,* 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC,* 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Okla. Ct. App. 2006); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La. App. 1st Cir. 2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Nicholson v. Hooters of Augusta, Inc.,* 245 Ga.App. 363, 537 S.E.2d 468 (2000).

**ANSWER:** Defendant admits several courts, under the particular allegations, facts and circumstance before them, have certified class actions under the TCPA. Further answering, Defendant denies that there should be certification of any class in this case, denies a class exists and denies that all of the cited cases certified classes under the TCPA, some of the cases affirming certification under the allegations and circumstances before them: *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La. App. 1st Cir. 2008), *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451 (La. App. 1st Cir. 2007), *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ct. App. Ind. 2003), *Hooters of Augusta, Inc. v. Nicholson,* 245 Ga. App. 363, 537 S.E.2d 468 (2000); one case reversing and remanding to the trial court to certify based on the allegations and circumstances before it: *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ct. App. Okla. 2006); and one case, *ESI Ergonomics Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (Ct. App. Ariz. 2003), reversing the

court's denial of class certification and remanding the case matter back to the trial court for further proceedings, based on the allegations and circumstances before it, and denies the remaining allegations in paragraph 29.

30. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:** Defendant denies that a class exists or that a class should be certified and denies the allegations in paragraph 30.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**Failure To State A Claim Upon Which Relief Can Be Granted**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff does not allege the telephone number or numbers that were allegedly called or on which messages were allegedly left.

3. Plaintiff does not allege which calls or messages were to a cellular telephone and which calls or messages were to a landline telephone.

4. Plaintiff does not plead the original account name or number on which Plaintiff originated the debt.

5. Plaintiff does not plead the number of alleged calls or alleged messages that she allegedly received.

6. Plaintiff does not plead the dates of all of the alleged calls and alleged messages.

7. Since Plaintiff seeks to recover for each alleged TCPA violation, Defendant is entitled to notice of such information.

130087770v1 0921700 07791

## SECOND AFFIRMATIVE DEFENSE

**There Is No "Automatic Telephone Dialing System"**

1. The TCPA regulates calls made to cell phones using an "automatic telephone dialing system," which is defined as:

equipment which has the capacity—

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers. 47 U.S.C. § 227(a).

2. Defendant's telephone system is not an "automatic telephone dialing system" under TCPA 47 U.S.C. § 227(a) because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers.

3. Moreover, Defendant's system entails human intervention.

4. This defense is asserted in the alternative to Defendant's argument and position that the Plaintiff has the burden of proof on the elements of a TCPA violation, including the burden of proving the existence of an automatic telephone dialing system.

## THIRD AFFIRMATIVE DEFENSE

**Due Process Clause of the Fifth Amendment to the United States Constitution**

1. The TCPA allows a person to recover actual damages resulting from a violation of the statute or to receive $500.00 per violation, whichever is greater. The TCPA also provides for the trebling of damages if the violation was willful. 47 U.S.C. §227.

2. If for the sake of argument, a TCPA class were certified and the class contained several thousand people, Defendant's liability to the class potentially could be so great as to result in its insolvency.

130087770v1 0921700 07791

3. The liability that Defendant stands to possibly incur pursuant to the damages claimed by Plaintiff on behalf of the putative class that she desires to represent is grossly disproportionate to the actual harm suffered by any individual putative class member, if any, such that the due process clause of the Fifth Amendment to the United States Constitution is violated.

4. The due process clause of the Fifth Amendment to the United States Constitution prohibits an award of damages that would result in Defendant's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to the Plaintiff or putative class members. *See Murray v. GMAC*, 434 F.3d 948 (7th Cir. 2006) *citing State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### FOURTH AFFIRMATIVE DEFENSE
### Lack of Subject Matter Jurisdiction

1. This Court lacks subject matter jurisdiction of this action under the TCPA.

2. The TCPA provides that a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, an action for an injunction and/or damages. 47 U.S.C. § 227(b)(3)

3. The TCPA does not provide for federal jurisdiction.

4. Several Courts of Appeals have ruled that a TCPA action may be brought only in state court, while some hold that a federal court can hear TCPA cases based upon diversity of citizenship.

5. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) states that a TCPA claim may be brought in a federal district court. Defendant respectfully disagrees with the Court's decision in *Brill*.

6. The United States Supreme Court has not yet ruled on this issue of subject matter jurisdiction of actions under the TCPA.

130087770v1 0921700 07791

7. Congress, in the TCPA, has legislated that actions under the TCPA shall be brought in state court if otherwise permitted by the laws or rules of court of a State. The TCPA provides that alleged claims such as that alleged by Plaintiff or those of putative class members should be brought in state court if otherwise permitted by the laws or rules of court of a State.

8. The Federal Communications Commission ("FCC") has indicated that a TCPA claim should be brought in state court. *In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (FCC 2003) 18 FCC Rcd. 14041, 2003 WL 21517853, at *70.

9. *Brill* was contrary to the FCC's position and, under 47 U.S.C. §402 of the Hobbs Act, should not have ruled in the manner that it did.

## FIFTH AFFIRMATIVE DEFENSE

### Consent

1. Prior express consent is part of the TCPA and Plaintiff has the burden of pleading and establishing it.

2. If Plaintiff gave prior express consent, she has no TCPA claim. 47 U.S.C. § 227(b)(1); Federal Communication Commission Declaratory Ruling, FCC 07-232, ¶ 9.

3. If any putative class members gave prior express consent, those members have no TCPA claim.

4. This affirmative defense is asserted in the alternative to Defendant's argument and position that lack of consent is an element of a TCPA claim as to which Plaintiff has the burden of proof.

## SIXTH AFFIRMATIVE DEFENSE

### Arbitration

1. If the terms and conditions related to Plaintiff's debt contained an arbitration clause, then this action should be dismissed and the dispute should be submitted to arbitration.

2. Arbitration may be the appropriate venue for Plaintiff's alleged claims, as Defendant may possess certain arbitration rights based on contracts entered into by Plaintiff or on other documents, and this matter may be precluded from proceeding in this United States District Court.

3. To the extent members of the putative class are subject to arbitration clauses, their alleged claims should be arbitrated.

## SEVENTH AFFIRMATIVE DEFENSE

### Class Action Waiver

1. If the terms and conditions related to Plaintiff's debt or other documents contained a class action waiver, Plaintiff cannot bring this purported class action suit, cannot be a class representative, cannot be a class member, and has waived any such rights.

2. Plaintiff may not be able to bring this putative class action, as she may have waived any rights to be a class representative or a member of a class in contracts entered into by Plaintiff or in other documents.

3. To the extent members of the putative class are subject to class waivers, they cannot be members of the putative class or class representatives and cannot bring this action or this type of action, *i.e.* a TCPA action.

130087770v1 0921700 07791

## EIGHTH AFFIRMATIVE DEFENSE

### Set off

1. Plaintiff's alleged claims are subject to the doctrine of setoff and/or recoupment for amounts owed on the underlying debt.

2. To the extent any class members' alleged claims are subject to the doctrine of setoff and/or recoupment, the amounts owed on their underlying debt should be set off against their alleged damages.

WHEREFORE, Defendant LEADING EDGE RECOVERY SOLUTIONS, LLC, prays that this Honorable Court deny the relief sought in Plaintiff's First Amended Complaint, dismiss Plaintiff's action and First Amended Complaint with prejudice, enter judgment in Defendant's favor and against Plaintiff, deny class certification and dismiss the class claims without prejudice, and award Defendant its costs and such other relief the Court considers proper.

HINSHAW & CULBERTSON LLP

By:/s/*Clifford E. Yuknis*
One of the Attorneys for Defendant
LEADING EDGE RECOVERY
SOLUTIONS, LLC

David M. Schultz
Clifford E. Yuknis
John P. Ryan
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
dschultz@hinshawlaw.com
cyuknis@hinshawlaw.com
jryan@hinshawlaw.com

14

130087770v1 0921700 07791

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMMY LENZY, on behalf of herself and the class of members described below,<br><br>Plaintiff,<br><br>v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 11-cv-1459<br>)<br>) JUDGE WILLIAM J. HIBBLER<br>) MAGISTRATE JUDGE SIDNEY I. SCHENKIER<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

I hereby certify, as attorney for Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC, that on April 25, 2011, I electronically filed Defendant's Answer and Affirmative Defenses in the above captioned matter with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those counsels of record that are reflected on the CM/ECF distribution list, which lists all counsel of record.

By: s/ *Clifford E. Yuknis*
David M. Schultz
Clifford E. Yuknis
John P. Ryan
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000